IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No._____

ZAYO GROUP, LLC, a Delaware Limited Liability Company,

      Plaintiff,

v.

JUCH-TECH, INC., a Company Incorporated Under the Laws of Canada,

      Defendant.

## VERIFIED ORIGINAL COMPLAINT

COMES NOW Plaintiff Zayo Group, LLC ("**Plaintiff**" or "**Zayo**"), by and through counsel, and submits its *Verified Original Complaint* against Defendant Juch-Tech, Inc. ("**Defendant**" or "**Juch-Tech**"). This filing is supported by the attached exhibits and by the Verification of Brittany McNamara, Corporate Counsel, for Zayo, incorporated by reference herein. In support of its Complaint, Zayo alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Zayo is a Delaware limited liability company with its principal place of business in the State of Colorado. Zayo's sole member is Zayo Group Holdings, Inc., a Delaware corporation with its principal place of business in the State of Colorado.

2. Juch-Tech, Inc., is a corporation organized and existing under the laws of Canada with its principal place of business in Stoney Creek, Ontario.

3. This Court may properly exercise jurisdiction over both parties and the subject matter of this action to 28 U.S.C. § 1332 in that complete diversity exists between the parties,

and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and pursuant to Section 10.2 of the Master Service Agreement which governed the relationship between Zayo and Juch-Tech (the "**MSA**"), which is attached hereto as **Exhibit "1."**

## STATEMENT OF FACTS

5. Plaintiff realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

6. Zayo and Juch-Tech were engaged in a business relationship wherein Juch-Tech, from time to time, purchased certain telecommunications and related infrastructure services from Zayo for its use, and/or for the use and/or resale to its end users.

7. Over the course of their business relationship, Zayo and Juch-Tech entered into the following Service Orders:

   a. Service Order 1054433, dated February 28, 2018;

   b. Service Order 1151979, dated June 29, 2018;

   c. Service Order 1202847, dated September 18, 2018;

   d. Service Order 1209446, dated September 18, 2018; and

   e. Service Order 1163881, dated September 20, 2018.

(collectively, the "**Service Orders**"), attached hereto as **Exhibit "2."**

8. Each of the Service Orders included "Terms and Conditions," which stated that "this Service Order shall be governed by the terms and conditions of Zayo's Master Service

Agreement and applicable Service Schedule in effect as of the date of this Service Order, incorporated herein by this reference and available upon request." The MSA is attached hereto as Exhibit "1" and the applicable Service Schedule is attached hereto as **Exhibit "3."**

9. Under the MSA, Zayo agreed to provide Juch-Tech with a monthly itemized invoice for Services and charges due and Juch-Tech agreed to pay all amounts due to Zayo in full within thirty (30) days from the date of the itemized invoice. *See* MSA § 2.3. Any invoice amounts not paid within thirty (30) days "shall bear interest at the rate of one and one-half percent (1.5%) per month or the highest lawful rate, whichever is lower." *Id*.

10. Under the MSA, Juch-Tech may dispute an invoice by providing Zayo written notice of said dispute within forty-five (45) days of the invoice date. *See* MSA § 2.4. If written notice is not provided within forty-five (45) days, any dispute regarding amounts due is deemed waived. *Id*.

11. Each month, Zayo delivered to Juch-Tech an itemized invoice for services and charges due pursuant to the terms of the MSA and Service Orders.

12. Juch-Tech began missing payments due and owing to Zayo.

13. However, due to the parties' relationship and in an effort of good faith, Zayo continued to provide services pursuant to the Service Orders even after Juch-Tech stopped paying its monthly invoices.

14. Each month, Zayo continued to provide Juch-Tech with monthly invoices reflecting its services, and attempted to arrange for payment of outstanding amounts.

15. Juch-Tech continued to fail to pay amounts due and owing.

16. As of the date of this Complaint, Juch-Tech has a remaining account balance of Seven Million Seventy-Thousand, Two Hundred and Two Dollars and 75/100 ($7,070,202.75), including applicable interest, late fees, and taxes.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

17. Zayo realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

18. Juch-Tech's refusal to pay Zayo for the services provided it constitutes a material breach of the parties' Agreement.

19. As a result of this material breach, Zayo has been actually damaged in an amount to be proven at trial, but believed to be equal to at least Seven Million Seventy-Thousand, Two Hundred and Two Dollars and 75/100 ($7,070,202.75).

20. Zayo also seeks to recover its reasonable and necessary attorneys' fees, expenses of litigation, and pre-judgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

21. Zayo realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

22. At Juch-Tech's request, Zayo provided services which Juch-Tech accepted, but failed to pay. Accordingly, Juch-Tech has been unjustly enriched at Zayo's expense.

23. Based on this unjust enrichment, Zayo has suffered damages in an amount to be determined at trial, but believed to be to be equal to at least Seven Million Seventy-Thousand, Two Hundred and Two Dollars and 75/100 ($7,070,202.75).

24. Zayo also seeks to recover its reasonable and necessary attorneys' fees, expenses of litigation, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
(Account Stated)

25. Zayo realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

26. Each month, Zayo presented Juch-Tech with the amount due for services provided by invoice.

27. At no time did Juch-Tech object to Zayo's invoices. Following, it is implied that Juch-Tech accepted Zayo's invoices as true and correct and promised to pay the amount stated.

28. Juch-Tech has failed to pay the amount stated.

29. As a result of Juch-Tech's failure to pay the amount stated, Zayo has been actually damaged in an amount to be proven at trial, but believed to be equal to at least Seven Million Seventy-Thousand, Two Hundred and Two Dollars and 75/100 ($7,070,202.75).

30. Zayo also seeks to recover its reasonable and necessary attorneys' fees, expenses of litigation, and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

Plaintiff Zayo Group, LLC respectfully requests that this Court find in its favor and against Defendant Juch-Tech, Inc. as to all counts alleged herein, and enter judgment in Plaintiff's favor in the amount of Seven Million Seventy-Thousand, Two Hundred and Two Dollars and 75/100 ($7,070,202.75), plus accrued and accruing pre-judgment and post-judgment interest as allowed by law. Additionally, Zayo respectfully requests attorneys' fees

and costs as allowed by law, and by the terms of the Master Service Agreement, Service Orders, and all such other and further relief as this Court may find just and proper.

Respectfully submitted this 4th day of June 2021.

                          **HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

By:  *s/ Anthony J. Jorgenson*
Anthony J. Jorgenson
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Telephone: (405)553-2828
Facsimile: (405) 553-2855
Email: ajorgenson@hallestill.com

Amanda M. Lowe
320 South Boston, Suite 200
Tulsa, OK 74103-3708
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email: alowe@hallestill.com

**ATTORNEYS FOR PLAINTIFF
ZAYO GROUP, LLC**

2367082.1:006214.00019

## VERIFICATION

STATE OF COLORADO      )
                       ) ss.
COUNTY OF BOULDER      )

I, Brittany McNamara, do hereby state that I am Corporate Counsel for Zayo Group, LLC I have read the foregoing *Verified Original Complaint* and affirm that the statements contained therein are true and correct to the best of my knowledge.

_____
Brittany McNamara, Corporate Counsel
Zayo Group, LLC

Subscribed and sworn to before me on this 26 day of May, 2021.

KARA LEIGH SECORA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20164001664
MY COMMISSION EXPIRES    January 14, 2024

_____
Notary Public

My commission expires on: 1/14/2024

2353576.1:006214.00019